IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE:  Arnold James-Sens Owen<br>Tanya Renee Owen<br>11655 Crockett Martin Rd<br>Conroe, TX  77306<br><br>DEBTORS | CHAPTER 13<br><br>CASE NO. 23-32486-H1 |

**MOTION TO DISMISS OR CONVERT**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

David G. Peake, Chapter 13 Trustee moves the court to Dismiss or Convert the above-referenced case for the following reasons:

__X__   The Chapter 13 Plan must be amended to provide for the claims of the secured and priority Creditors in full within the terms of the Plan.

_____   Payments due pursuant to  U.S.C. § 1326(a)(1)  have not been made.

_____   Debtors failed to appear for the Meeting of Creditors and this constitutes a failure to appear in proper prosecution of the case for purposes of subsequent eligibility under 11  U.S.C. § 109.

_____   The Debtors have not filed their Federal Income Tax return for the following years: .  Therefore the Debtors are not able to meet the burden of proving that the Plan complies with 11  U.S.C. § 1322 (a) (2).

_____   The Debtors have caused unreasonable delay that is prejudicial to the Creditors .

_____   Other:

**A HEARING WILL BE CONDUCTED ON THIS MATTER ON OCTOBER 17, 2023 AT  9:00 AM IN U.S. BANKRUPTCY COURT, 515 RUSK, ROOM 404, 4TH FLOOR, HOUSTON, TX  77002-0000.  IF YOU WANT A HEARING, YOU MUST REQUEST ONE IN WRITING.  YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY ONE DAYS AS FOLLOWS: 1.  FILE A RESPONSE WITHIN TWENTY ONE DAYS THAT SHOWS THAT THE ABOVE-CITED DEFICIENCY HAS BEEN CURED, OR 2.  FILE A RESPONSE WITHIN TWENTY ONE (21) DAYS THAT SHOWS THAT THE COURT SHOULD ALLOW YOU ADDITIONAL TIME TO CURE THE ABOVE-CITED DEFICIENCY.  OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND DISMISS OR CONVERT YOUR CASE.  IF THE DEFICIENCY IS FOR FAILURE TO FILE TAX RETURNS AND THE CASE IS DISMISSED, YOU WILL NOT BE ALLOWED TO FILE ANOTHER BANKRUPTCY CASE UNTIL ALL OF YOUR RETURNS ARE FILED.**

Wherefore, the Trustee requests that the case be dismissed or converted to Chapter 7 , whichever shall be determined in the best interest of creditors.

Dated: September 08, 2023

/s/ David G. Peake
David G. Peake
Standing Chapter 13 Trustee

**CERTIFICATE OF SERVICE**

    This is to certify that a true and correct copy of the foregoing Trustee's Motion to Dismiss Case has been served electronically on all parties requesting electronic notice and has been served on the listed parties  (if listed) by mailing a copy of same to the address listed below via first class mail September 08 , 2023.

Electronically signed by
David G. Peake, Chapter 13 Trustee

Debtor's Attorney of Record:
KEELING LAW FIRM
KENNETH A. KEELING ATTORNEY
3310 KATY FREEWAY  STE 200
HOUSTON, TX  77007

Debtor:
Arnold James-Sens Owen
Tanya Renee Owen
11655 Crockett Martin Rd
Conroe, TX  77306

AARON RENTS INC
309 E PACES FERRY ROAD
ATLANTA, GA  30309

ACIMA CREDIT FKA SIMPL
9815 S MONROE ST FL 4
SANDY, UT  84070

ADONIS FINANCIAL LLC
DBA ADONIS AUTO GROUP
1908 110TH STREET
GRAND PRAIRIE, TX  75050

BRIDGECREST
7300 E HAMPTON AVE STE 100
MESA, AZ  85209

CAINE & WEINER
5805 SEPULVEDA BLVD STE 400
SHERMAN OAKS, CA  91411-2532

CHIME/STRIDE BANK NA
PO BOX 417
SAN FRANCISCO, CA  94104

DARREN ROBERT HATCH
REAGAN MCLAIN & HATCH, LLP
WHITE ROCK TOWER, SUITE 360
6510 ABRAMS RD
DALLAS, TX  75231

FRONTLINE ASSET STRATEGIES
2700 SNELLING AVE N, SUITE 250
SAINT PAUL, MN  55113

GAIL E STOCK
5429 LBJ FREEWAY STE 700
DALLAS, TX  75240

HLS OF NEVADA, LLC
NEVADA WEST FINANCIAL
7625 DEAN MARTIN DRIVE STE 101
LAS VEGAS, NV  89139

JAMESON & DUNAGAN PC
ATTN: GAIL E. STOCK
5429 LBJ FREEWAY, SUITE 300
DALLAS, TX  75240-2645

JEFFERSON CAPITAL SYSTEMS, LLC
16 MCLELAND
SAINT CLOUD, MN  56303

KEELING LAW FIRM
KENNETH A. KEELING ATTORNEY
3310 KATY FREEWAY  STE 200
HOUSTON, TX  77007

LVNV FUNDING LLC
RESURGENT CAPITAL SERVICES
PO BOX 10587
GREENVILLE, SC  29603-0587

MARINE ONE
5000 QUORUM DR STE 200
DALLAS, TX  75254

MARINE ONE ACCEPTANCE CORPORAT
5000 QUORUM DR
DALLAS, TX  75254-7030

MONTGOMERY COUNTY TAX OFFICE
400 NORTH SAN JACINTO
CONROE, TX  77301

NATIONAL CREDIT ADJUSTERS, LLC
ATTN: ACCOUNTING SUPPORT
PO BOX 3023
HUTCHINSON, KS  67504

PLAZA SERVICES LLC
PO BOX 1931
BURLINGAME, CA  94011

PORTFOLIO RECOVERY
120 CORPORATE BLVD
NORFOLK, VA  23502

RTO NATIONAL, LLC
PO BOX 9759
GREENVILLE, SC  29604

SAPIENTES FUNDING II LLC
C/O WAKEFIELD & ASSOCIATES
PO BOX 51272
KNOXVILLE, TN  37950

SAVINGS ACCOUNT
, TX

SNAP ON CREDIT
950 TECHNOLOGY WAY SUITE 301
LIBERTYVILLE, IL  60048

SUMMIT MANAGEMENT GROUP
1435 US97
MADRES, OR  97741

SYNCB/WALGREENS
c/o ATTN BANKRUPTCY
PO BOX 965060
ORLANDO, FL  32896

VANDERBILT MORTGAGE AND FINANCE, INC.
P.O. BOX 9800
MARYVILLE, TN  37802

VARO BANK
c/o ATTN BANKRUPTCY
222 KEARNY STREET 9TH FLOOR
SAN FRANCISCO, CA  94108

VERIZON WIRELESS
ATTN BANKRUPTCY
500 TECHNOLOGY DR STE 599
WELDON SPRINGS, MO  63304

**IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 23-32486-H1 |
| | § | |
| Arnold James-Sens Owen | § | |
| Tanya Renee Owen | § | |
| | § | |
| | § | |
| DEBTORS | § | CHAPTER 13 |
| | § | |

**ORDER OF DISMISSAL**

1. On the chapter 13 trustee's motion, this case is dismissed. The Court's reasons for dismissal were stated on the record in open court.

2. The deadline for filing an application for an administrative expense in this case is set at 21 days following entry of this order. The deadline for filing a motion for allowance of a claim arising under § 507(b) in this case is also set at 21 days following entry of this order.

3. If an application for allowance of professional fees and expenses has previously been filed in this case, the applicant is not required to file a new application for allowance of administrative expenses under § 503, if the new application only seeks allowance of the same professional fees and expenses previously requested.

4. Any prior order directing an employer or other person to pay funds to the chapter 13 trustee is terminated. Any prior order authorizing an ACH or other means of electronic payment is terminated.

5. The Court finds good cause to direct the payment of funds held by the chapter 13 trustee at the time of entry of this Order as follows:

    (a) First, the balance on hand in the Emergency Savings Fund will be paid to the Debtor(s);

    (b) Second, to any unpaid chapter 13 trustee's statutory compensation;

    (c) Third, the balance on hand in the Reserves for ad valorem taxes, to the holder of the claim secured by the senior security interest against the property for which the Reserves were established;

    (d) Fourth, the balance in any other Reserve account to the Debtor;

    (e) Fifth, to any unpaid payments mandated to be made by the Trustee under a prior Court order, including but not limited to any mandated adequate protection payments;

    (f) Sixth, to pay any unpaid fees to Debtor(s)' attorneys and to reserve for any filed applications for which no order has yet been entered; and

    (g) Seventh, to the Debtor(s).

Any party-in-interest objecting to the "for cause" distributions under this paragraph 5 must file an objection within 14 days of entry of this Order. The Chapter 13 Trustee will defer making distributions under this paragraph 5 until the next ordinary disbursement date following the later of (i) 22 days following entry of this Order; or (ii) entry of an order resolving any timely filed objection.

Dated: _____

_____
MARVIN ISGUR
United States Bankruptcy Judge